UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WESLEY REED RUNIONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:10-0103 |
| ) | Judge Campbell/Bryant |
| LEWIS COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**TO: The Honorable Chief Judge Todd J. Campbell**

### REPORT AND RECOMMENDATION

Defendant Southern Health Partners, Inc. has filed its motion for summary judgment (Docket Entry No. 46). Plaintiff has not responded in opposition.

On January 4, 2011, the undersigned Magistrate Judge entered an order requiring plaintiff to show cause on or before Tuesday, January 18, 2011, why defendant's motion for summary judgment should not be granted. Despite this order, plaintiff has responded neither to the order nor to defendant's motion for summary judgment.

For the reasons stated below, the undersigned Magistrate Judge recommends that defendant Southern Health Partners, Inc.'s motion for summary judgment should be granted, and that the complaint be dismissed with prejudice.

### Statement of the Case

Plaintiff Wesley Reed Runions, a prisoner who is proceeding pro se, has filed his complaint alleging violation of

his civil rights pursuant to 42 U.S.C. § 1983. Liberally construed, plaintiff's complaint alleges that defendants were deliberately indifferent to his serious medical needs while he was confined at the Lewis County Jail and at the Williamson County Jail (Docket Entry No. 1).

On June 21, 2010, the Court dismissed the complaint against defendants Lewis County Jail and Dawyne Kilpatrick following receipt of a letter construed by the Court to be a notice of voluntary dismissal of these two defendants (Docket Entry No. 29).

The remaining defendant, Southern Health Partners, Inc., has filed its motion for summary judgment.

### **Standard of Review**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing

Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed.R.Civ.P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## Analysis

The Supreme Court has held that a showing of deliberate indifference to serious medical needs of a prisoner states a cause of action under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, an inmate states a cognizable constitutional claim only if he makes a two-part showing including both an objective component and a subjective component. Farmer v.

Brennan, 511 U.S. 825, 834 (1994). Under the objective element, a plaintiff must show that a prison official denied him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Under the subjective element, a plaintiff must show that a prison official acted with "deliberate indifference" to inmate health or safety. Farmer, 511 U.S. at 834.

Defendant Southern Health Partners, Inc. has filed in support of its motion for summary judgment the affidavit of Nurse Michelle Wynn (Docket Entry No. 46 at 32) and the affidavit of Nurse Candy Roberts (Docket Entry No. 46 at 83). These two affidavits have attached to them as authenticated exhibits copies of extensive medical records pertaining to plaintiff Runions during the period of his confinement at both the Lewis County Jail and the Williamson County Jail. It appears from these two affidavits that during all pertinent times defendant Southern Health Partners, Inc. was the contract health care provider for both the Lewis County Jail and the Williamson County Jail.

As of December 1, 2009, the date that the Southern Health Partners contract commenced at the Lewis County Jail, plaintiff was already confined there. The affidavits of Nurse Wynn and Nurse Roberts indicate that on December 10, 2009, plaintiff was transported to the Perry Community Hospital emergency room for complaints of chest pain. Following evaluation, plaintiff was prescribed medications for acid reflux. Later on December 10,

4

2009, plaintiff was transferred from the Lewis County Jail to the Williamson County Jail. Thereafter, plaintiff was seen at the Williamson County Jail on December 16, 2009 and again on January 13, 2010, by Dr. Sidberry. Upon orders of Dr. Sidberry, plaintiff was transported to the Williamson County Medical Center on January 19, 2010, for a complete cardiac workup. On January 25, 2010, plaintiff was transferred from the Williamson County Jail back to the Lewis County Jail. Plaintiff's complaint in this case was filed on January 28, 2010 (Docket Entry No. 1).

During the period between December 1, 2009, when Southern Health Partners's contract commenced, and January 28, 2010, when plaintiff filed his complaint, he was transported to two different hospitals for medical evaluation and treatment, he was seen on multiple occasions by Dr. Sidberry at the Williamson County Jail, his blood pressure was taken multiple times during clinic visits at the Williamson County Jail, and he was prescribed medication for various complaints, including that of acid reflux and hypertension. Since plaintiff Runions has filed no response in opposition to defendant's motion for summary judgment, the foregoing facts stand undisputed in this record.

From the foregoing evidence, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact, and that plaintiff has wholly failed to show that defendant Southern Health Partners demonstrated deliberate indifference to

5

plaintiff's serious medical needs.  In contrast, the Court finds that Southern Health Partners, Inc. provided reasonable care to plaintiff while he was confined at both the Lewis County Jail and the Williamson County Jail under defendant's care.  Specifically, he was seen on multiple occasions by physicians assigned to those jails as well as nurses employed to care for prisoners by Southern Health Partners.  In addition, he was transported for medical evaluation and treatment both to the Perry Community Hospital emergency room and to the Williamson County Medical Center.  From the undisputed proof before the Court, the undersigned Magistrate Judge finds that defendant Southern Health Partners is entitled to judgment as a matter of law, that its motion for summary judgment should be granted, and that the complaint should be dismissed with prejudice.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motion for summary judgment filed on behalf of defendant Southern Health Partners, Inc. be **GRANTED** and that the complaint be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to

said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 28th day of January 2011.

                                        <u>s/ John S. Bryant</u>
                                        JOHN S. BRYANT
                                        United States Magistrate Judge